# Frederick Suhr v. Arthur L. Ellsworth and others.

*Mortgages : Foreclosure : Defense.* The defense set up to the foreclosure bill in this case, that when a subsequent purchaser, one of the defendants, bought a portion of the premises, an arrangement was made between him and the complainant's assignor that the portion so purchased was to be released from the mortgage upon the payment of certain sums, and which were afterwards paid by the other defendants, is not supported by the proofs.

*Defense : Answer : Proofs.* It is essential to such a defense that the agreement be clearly set out, and that the proofs clearly make out such a contract as is legally binding: and where both answer and proofs are vague and uncertain, the defense will fail.

*Heard January 15.    Decided January 29.*

Appeal in Chancery from Saginaw circuit.

*Gaylord & Hanchett,* for complainant.

*D. W. Perkins,* for defendant Ellsworth.

CAMPBELL, J.

Complainant brought his bill to foreclose a mortgage given by Perkins and Starker to one William E. Sherman, and assigned by Sherman to complainant. Ellsworth holds a portion of the mortgaged premises by sale from Perkins and Starker, and he defends upon the ground that when he purchased, Sherman agreed to make a discharge of such portion upon the payment of certain sums, afterwards paid by Perkins and Starker; and that he accordingly did make a discharge, which was lost. The answer avers notice to complainant, and claims he was not a *bona fide* assignee.

The answer does not set up the terms or consideration of the agreement made by Sherman when Ellsworth purchased. There is nothing in the proof showing that if there was any such understanding it was in writing or based upon any agreement by the mortgagors to do any thing for which they were not already bound. Upon giving

29 MICH.—3.

the fullest possible scope to the testimony for the defense, it still falls short of proving any thing like an agreement which would be legally binding. The answer and the testimony are both too vague to be safely acted on.

The evidence of a discharge actually made is equally defective. There is positive testimony which renders it probable that Mr. Sherman gave some sort of a paper to Mr. Starker for Ellsworth in 1868, but what it was is left entirely uncertain. Sherman denies having released the premises. Starker can give no account of the contents, and Clark, the only other witness, is equally uncertain. On the other hand, we have the fact that the paper, whatever it was, was neither witnessed nor acknowledged, nor drawn up by comparing its terms with the mortgage in question. Any person intending to give or take a release of lands would know that this was no way to do it. The assignment to Suhr could not have been at the outside more than a few weeks later than this transaction, yet Perkins drew up the assignment and made no reference to any such release, but inserted a covenant entirely inconsistent with it which would have been a fraud upon Suhr if it existed.

We do not think the release is established. This makes it unnecessary to inquire whether Suhr would have been bound by it, without positive and clear notice at the time he took the assignment. The defense has entirely failed to make it appear that there was any thing to be notified of.

The suggestion that the decree is erroneous as containing a personal judgment against Ellsworth is incorrect. The defendants Perkins and Starker are the only debtors charged personally by the decree.

The decree must be affirmed, with costs.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.